E-FILED
Tuesday, 12 April, 2016  08:53:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| RYAN BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-2008 |
| | ) | |
| NURSE GLORIA, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW OPINION</u>**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Pontiac Correctional Center, brings the present lawsuit alleging various claims related to an interactions Plaintiff had with nurse while not incarcerated.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face." <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

**ALLEGATIONS**

Plaintiff is currently incarcerated at Pontiac Correctional Center ("Pontiac"). Defendant is a nurse at Decatur Memorial Hospital in Decatur, Illinois. Though Plaintiff is incarcerated, his claims arise from his alleged interactions with Defendant when he was not in custody.

According to Plaintiff, Defendant began making sexual overtures towards him while he was comforting (and acting as a bodyguard for) his friend who had been admitted to the hospital. Defendant's alleged overtures included brushing her hand over Plaintiff's crotch, constant "groping" of Plaintiff's penis, and winking at Plaintiff. Upon Plaintiff's inquiry into the reasons for these alleged acts, Defendant allegedly said, "because I heard you're a manwhore amongst the women around town and that you're self-employed as a male escort." Defendant then allegedly offered Plaintiff $5,000 to perform sexual acts for eight (8) hours and $500 for each additional hour.

Plaintiff alleges he initially refused Defendant's offer, but eventually acquiesced after Defendant threatened to tell police that he was a prostitute.

## ANALYSIS

While Defendant's alleged conduct, if true, is unprofessional and unlawful, Plaintiff states no plausible federal claim. 42 U.S.C. § 1983 provides:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. The Court need not discuss any constitutional right that Plaintiff may have to be free from the solicitation of sexual acts because Plaintiff has not alleged facts to show that Defendant was acting under the color of law.

"For an individual to act under color of law, there must be evidence of a *concerted effort* between a state actor and that individual." Fries v. Helsper, 146 F.3d 452, 457 (7th Cir. 1998) (emphasis in original). By Plaintiff's own admission, Defendant was a private actor employed at a private hospital. There are no allegations that Defendant acted in concert with a state actor, and given that Plaintiff was not in custody at that time, such an

allegation is unlikely.  Therefore, the Court finds that Plaintiff fails to state a claim and that any amendment would be futile.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.  Plaintiff is advised that he has now accumulated at least two strikes.  <u>See Barnes v. Godinez</u>, No. 14-CV-1360 (C.D. Ill., filed September 5, 2014) (assessing a strike under § 1915(g)).**

3) **Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed.  The agency having custody of Plaintiff shall continue to make**

monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

ENTERED:      April 12, 2016.

FOR THE COURT:


_____
              s/Sue E. Myerscough
          SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE